IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 13, 2010 Session

## PAMELA TURNER v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 08-1646-III    Ellen Hobbs Lyle, Chancellor**

---

**No. M2009-01908-COA-R3-CV - Filed October 6, 2010**

---

ANDY D. BENNETT, J., concurring.

I fully concur in the decision of the court. I believe it may be useful to further explain my position in this matter.

As the Tennessee Supreme Court recently observed:

For most felonies, a defendant ordered to serve his or her sentence incarcerated in the TDOC[1] becomes eligible for early release on parole upon reaching his or her "release eligibility date" ("RED"). *Id.* [Tenn. Code Ann.] § 40-35-501(a)(1). A defendant's RED is expressed as a percentage of his or her sentence and is generally determined by reference to the defendant's sentencing range classification.

*Davis v. State*, 313 S.W.3d 751, 756-57 (Tenn. 2010). In addition, "most felony offenders sentenced to serve their sentences incarcerated in the TDOC have the opportunity to obtain sentence reductions based on sentence credits earned for, e.g., 'good institutional behavior.' *See generally* Tenn. Code Ann. § 41-21-236 (2006 & Supp. 2009). Sentence reduction credits operate distinctly from eligibility for parole." *Davis*, 313 S.W.3d at 757-58.

The release eligibility date is the earliest date that a prisoner is eligible for parole. Tenn. Code Ann. § 40-35-501(a)(1), (k). State law requires that the Board of Probation and Parole ("the Board") "shall conduct a hearing within a reasonable time prior to a defendant's release eligibility date to determine a defendant's fitness for parole." Tenn. Code. Ann. § 40-35-503(d)(1). Parole is a privilege, not a right. Tenn. Code Ann. § 40-35-503(b); *Davis,* 313

---

[1]Tennessee Department of Correction.

S.W.3d at 756 n.5. [2] It is the Board's decision whether to grant parole. *See* Tenn. Code Ann. § 40-28-118(a); Tenn. Rules & Regs. 1100-01-01-.02(3).

As a Range I felony offender, Pamela Turner had to serve 30% of her actual sentence, less sentence credits earned and retained. Tenn. Code Ann. § 40-35-501(c). Her parole hearing was held on February 20, 2008. The Board denied parole and deferred her next parole hearing for six years, until 2014.

Under the system established by the legislature, inmates get one statutorily mandated opportunity for an early release. That opportunity is the statutorily required hearing before the release eligibility date. There is only one release eligibility date. If parole is denied, the Board decides the date of the prisoner's next parole hearing. Tenn. Code Ann. § 40-35-504(a).

Turner maintains that the Board's action in setting her next parole hearing in six years is arbitrary because, *assuming she continues to earn sentence reduction credits at her current rate*, she will have served her sentence by the time of the next parole hearing. Specifically, Turner states that the six-year deferral for her next parole hearing "has the effect of disallowing the opportunity for parole until the Appellant has served approximately 90 percent of her full sentence - which is effectively, the balance of her sentence, due to earning good behavior and conduct credits."

Turner's argument is based on an assumption I am unwilling to make and one that should not be forced upon the Board by the courts. Future sentence reduction credits should not be assumed. The future conduct of any prisoner is incapable of proof. At best, we can only guess what a prisoner's future conduct will be based on the prisoner's past. [3] While the past can explain the present, it is not a sure predictor of the future. When establishing a

---

[2]Tenn. Code Ann. § 40-35-503(b) states that "[r]elease on parole is a privilege and not a right." Furthermore, the Board's Rules state: "Responsive to requirements of Tennessee law, the Board recognizes that parole is a privilege and not a right, and that no inmate may be released on parole merely as a reward for good conduct or efficient performance of duties assigned in prison." Tenn. Rules & Regs. 1100-01-01-.02(2).

[3]The Affidavit of David L. Raybin extrapolates Turner's past sentence reduction credit earnings into the future and treats those earnings as fact. He thereby concludes that Turner's sentence will be reduced by these future credits and will expire before her next parole hearing. With all due respect to Mr. Raybin, the only "fact" before the Board was when her sentence was scheduled to end at the time of her parole hearing. Any estimation of future earned credits is conjecture.

subsequent parole hearing date, the Board should not be required to guess the amount of future sentence reduction credits persons denied parole might earn in the future.[4]

As previously noted, the parole process and sentence reduction credits operate distinctly. *Davis*, 313 S.W.3d at 757-58. They intersect in only one instance – sentence credits can advance a prisoner's release eligibility date. Tenn. Code Ann. § 41-21-236(b). The legislature has not mandated any other use of sentence credits that affects the actions of the Board. Since parole and sentence reduction credits are two separate and distinct legislative schemes, the courts should not commingle them to any greater extent than the legislature has dictated by statute. After all, the legislature makes the laws; the courts interpret and apply the laws. *Richardson v. Young*, 125 S.W. 664, 668 (Tenn. 1910). Therefore, the possibility of future sentence reduction credits should have no impact upon the Board's decision on scheduling a subsequent parole hearing absent the legislature so providing.

While I do not claim that a six-year deferral can never be arbitrary, in light of the reason advanced by Turner to find arbitrariness and in light of the entire circumstances surrounding Turner's incarceration (conviction of battery by an authority figure and subsequent probation violation involving the sexual exploitation of a minor), I cannot say that the Board's action was arbitrary.

_____
ANDY D. BENNETT, JUDGE

[4]It may be argued that the Board is guessing about future conduct when a prisoner is released on parole, too. In response, I would note that the Board examines a variety of factors and information to reach a parole decision. *See* Tenn. Rules & Regs 1100-01-01-.07(1)-(3). Most of these factors do not apply to a decision about a future parole hearing date, and are of no aid in predicting the earning of future sentence reduction credits.